# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAFAYETTE DIVISION

| | |
|---|---|
| HAROLD BREAUX, SR. | CIVIL ACTION 04-08 |
| VS. | JUDGE DOHERTY |
| MICHAEL BROWN, ET AL. | MAGISTRATE JUDGE HILL |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights action which was removed from a local state court on January 5, 2004. [*See* rec. doc. 5]. Plaintiff seeks redress for constitutional violations alleged to have occurred in connection with a Louisiana State Police narcotics investigation in Lafayette, Louisiana. Plaintiff's claims are allegedly asserted under the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution as well as Louisiana Civil Code Article 2315, 2316 and 2320. [rec. doc. 1, par 2]. Plaintiff names Lafayette City Police Officer Michael Brown in both his individual and official capacity, and the Lafayette City-Parish Consolidated Government as defendants.

By Memorandum Ruling dated October 20, 2006, Judge Doherty granted Summary Judgment on all claims of excessive force and unlawful entry asserted against Officer Brown in his individual capacity. However, to the extent the Motion sought dismissal of any other federal claim, Summary Judgment was denied on the basis that the defendant had failed to carry his burden of proof. [rec. docs. 61 and 63].

On November 27, 2006, a telephone status conference was conducted by the undersigned Magistrate Judge. During the conference, counsel agreed that the sole constitutional claims asserted against Officer Brown in his individual capacity are that Brown used excessive force against plaintiff and that Officer Brown unlawfully entered the Breaux residence, and further that these constitutional claims had been disposed of by virtue of Judge Doherty's Memorandum Ruling. Thus, no constitutional claims against Officer Brown in his individual capacity remain. The parties further agreed that in the absence of a viable underlying constitutional violation against Officer Brown in his individual capacity, there is no basis for liability against the Lafayette City-Parish Government or Officer Brown in his official capacity.

Considering the parties' concession and for the following reasons, **IT IS RECOMMENDED** that all remaining federal claims asserted against Officer Michael Brown and the Lafayette City-Parish Government be **DISMISSED WITH PREJUDICE**. **IT IS FURTHER RECOMMENDED** that this court decline to exercise supplemental jurisdiction over plaintiff's state law claims and that those claims be **REMANDED** to state court.

## LAW AND ANALYSIS

### I. Individual Capacity Claims against Officer Brown

During the conference, counsel agreed that all constitutional claims asserted against Officer Brown in his individual capacity had been disposed of by virtue of Judge

Doherty's Memorandum Ruling. However, even without this concession, it is clear that no viable constitutional claims remain against Officer Brown in his individual capacity. Plaintiff alleges violations of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Under the facts and circumstances of this case, however, plaintiff enjoys only the protections of the Fourth Amendment. It is beyond dispute that plaintiff's unlawful entry claim arises under the Fourth Amendment. *See Silverman v. United States*, 365 U.S. 505, 511-512 (1961) (noting the core of the Fourth Amendment protects "the right of a man to retreat into his own home and there be free from unreasonable government intrusion."). With respect to plaintiff's excessive force claim, plaintiff complains of events which occurred at a time when plaintiff was not under arrest, was not incarcerated or in either state or federal custody, and was not awaiting trial on any charges. Thus, he enjoys the protections of the Fourth as opposed to the Fourteenth Amendment.[1] *Gutierrez v. City of San Antonio*, 139 F.3d 441, 452 (5th Cir. 1998) citing *Graham v. Connor*, 490 U.S. 386, 395 (1989), *Brothers v. Klevenhagen*, 28 F.3d 452, 455-56 (5th Cir. 1994) and *Valencia v. Wiggins,* 981 F.2d 1440, 1445 (5th Cir. 1993). Moreover, the protections of the Eighth Amendment apply only to convicted prisoners and do not apply to a "free" citizen such as plaintiff. *Morin v. Caine*, 77 F.3d 116, 120 (5th Cir. 1996) citing *Ingraham v. Wright*, 430 U.S. 651, 671, n. 40, 97 S.Ct. 1401, 1412, n. 40, 51 L.Ed.2d 711 (1977) and *Bell v. Wolfish,* 441 U.S. 520, 535, n. 16,

---

[1] Although the Fourteenth Amendment's procedural due process clause applies to municipalities, plaintiff has pleaded no allegations upon which a procedural due process violation could be based.

3

99 S.Ct. 1861, 1872, n. 16, 60 L.Ed.2d 447 (1979). Finally, the Fifth Amendment applies only to the actions of the federal government, and not to the actions of a municipal government or its employees as in the present case. *Id.* citing *Richard v. Hinson,* 70 F.3d 415, 416 (5th Cir.1995). Thus, plaintiff's claims for the alleged use of excessive force and alleged unlawful entry into plaintiff's residence arise only under the Fourth Amendment. The other amendments alleged by plaintiff are inapplicable. Judge Doherty has found plaintiff's excessive force and unlawful entry claims are without merit. In light of the above, there are no remaining viable constitutional claims against Officer Brown in his individual capacity.

**II. Official Capacity Claims against Officer Brown and Claims against the Lafayette City-Parish Government**

An official capacity suit is the equivalent of a suit against the entity of which the officer is an agent. *Kentucky v. Graham*, 473 U.S. 159 (1985); *Brandon v. Holt*, 469 U.S. 464 (1985); *Hafer v. Melo*, 112 S.Ct. 358 (1991); *McMillian v. Monroe County, Ala.,* 520 U.S. 781, 784-85, 117 S.Ct. 1734, 138 L.Ed.2d 1 (1997)[2] ; *Burge v. St. Tammany Parish,* 187 F.3d 452, 466 (5th Cir. 1999). Thus, such a claim requires *Monell* proof of an

---

[2]The Supreme Court in *McMillian* explained that:
> a suit against a governmental officer "in his official capacity" is the same as a suit " 'against [the] entity of which [the] officer is an agent,' " *Kentucky v. Graham*, 473 U.S. 159, 165, 105 S.Ct. 3099, 87 L.Ed.2d 114 (1985) (quoting *Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 690, n. 55, 98 S.Ct. 2018, 56 L.Ed.2d 611(1978)), and that victory in such an "official-capacity" suit "imposes liability on the entity that [the officer] represents," *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 83 L.Ed.2d 878 (1985).

*McMillian,* 520 U.S. at 785 n. 2, 117 S.Ct. 1734.

4

official policy or custom as the cause of the constitutional deprivation. *Turner v. Houma Municipal Fire & Police Civil Service Board*, 229 F.3d 478, 483 fn 10 (5th Cir. 2000) citing *Monell v. Department of Social Services*, 436 U.S. 658 (1978).[3] However, when there is no underlying individual constitutional violation for which the municipal defendants can be held derivatively liable on the basis of their policies or customs, there can be no liability against the municipality or its employees in their official capacities. *Olabisiomotosho v. City of Houston*, 185 F.3d 521, 528-529 (5th Cir. 1999); *Tejada v. Knee*, 228 F.3d 409, 2000 WL 1056124, *2 (5th Cir. 2000) (unpublished). In this case, plaintiff has failed to set forth a viable constitutional claim against Officer Brown in his individual capacity. Thus, in the absence of any underlying constitutional violation, plaintiff cannot establish a claim against either the Lafayette City-Parish Government or Officer Brown in his official capacity as such a suit is tantamount to a suit against his municipal employer. *Id.* Accordingly, all remaining federal claims asserted against Officer Michael Brown and the Lafayette City-Parish Government should be dismissed with prejudice.

### III. State Law Claims

In light of the above, all federal claims asserted against Officer Michael Brown and the Lafayette City-Parish Government have been or should be dismissed. Accordingly, no federal question remains before this court.

---

[3] In *Monell,* the Court held that local governmental entities may be sued under §1983. However, they may not be held vicariously liable under the doctrine of *respondeat superior*. Thus, a governmental entity may not be held liable merely because it employs a tortfeasor. *Id*. at 690-91.

5

A district court may decline to exercise supplemental jurisdiction if the court has dismissed all claims over which it had original jurisdiction. 28 U.S.C. § 1367 (c)(3); *Nowell v. Acadian Ambulance Service*, 147 F.Supp.2d 495, 510 (W.D.La. 2001). Indeed, when a court dismisses all federal claims before trial, the general rule is to dismiss any pendent claims. *Bass v. Parkwood Hospital*, 180 F.3d 234, 246 (5th Cir. 1999) citing *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989). However, in cases which have been removed from state court, the federal court is vested with great discretion "to order a remand of state claims on the heels of a dismissal of federal claims." *Guzzino v. Felterman,* 191 F.3d 588, 595 (5th Cir.1999); *Robertson v. The Neuromedical Center*, 161 F.3d 292, 296 (5th Cir. 1998). Remand is particularly appropriate in this case as the remaining state law questions present difficult, novel and complex state law issues. *See Nowell*, 147 F.Supp.2d at 510 citing *Parker & Parsley Petroleum v. Dresser Industries*, 972 F.2d 580, 589 (5th Cir. 1992). Finally, the majority of this court's involvement in this case has been related to resolving plaintiff's failed federal claims, and the parties' work product can be taken, with little loss, to the state court. These factors weigh heavily in support of remand. *See Guzzino,* 191 F.3d at 595. Accordingly, the undersigned recommends that this court decline to exercise supplemental jurisdiction over plaintiff's state law claims and that those claims be remanded to state court

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this

report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within ten (10) days after being served with a copy thereof.

**Failure to file written objections to the proposed factual finding and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. See** *Douglas v. United Services Automobile Association*, **79 F.3d 1415 (5th Cir. 1996).**

**THUS DONE AND SIGNED** in Chambers at Lafayette, Louisiana, this 28th day of November, 2006.

C. MICHAEL HILL
UNITED STATES MAGISTRATE JUDGE